IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONTE LAMONT HUNT,

          Petitioner,          3:13-cv-1382-TC

          v.               FINDINGS AND
                                RECOMMENDATION

MARION FEATHER,

          Respondent.

COFFIN, Magistrate Judge.

Petitioner, an inmate in the custody of the Bureau of Prisons (BOP), filed a petition under 28 U.S.C. § 2241 challenging his sentences on drug and firearms convictions and seeking to be re-sentenced "without either the career offender designation or the § 851 enhancement being applied." Petition (#1) p. 12-13.  Respondent now moves to dismiss on the ground that "[t]he instant petition, like his previous

one, is actually a successive motion for relief under 28 U.S.C. § 2255, for which petitioner neither sought nor received the required certification from the Ninth Circuit Court of Appeals. Accordingly, this court lacks jurisdiction to consider it." Motion to Dismiss (#8), p. 1.

The relevant facts are as follows: On December 15, 2004, petitioner pled guilty to two counts of possession with intent to distribute more than five grams of cocain base, in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On September 23, 2005, Judge Brown sentenced petitioner to concurrent terms of imprisonment of 180 months on the two drug counts, and a consecutive sentence of 60 months on the § 923(c) count.

On September 26, 2006, petitioner filed a pro se motion for relief under 28 U.S.C. § 2255. Thereafter petitioner was appointed counsel who filed an amended § 2255 motion alleging numerous claims of ineffective assistance of counsel. On October 31, 2007, Judge Brown issued an opinion and order denying petitioner's § 2255 motion on the merits.

On January 13, 2012, petitioner filed the petition in 3-12-cv-0055-CL challenging his sentence on two grounds. In his first claim for relief, petitioner argued that the two prior

convictions used to enhance the mandatory minimum sentence on the two drug counts were "non-aggravated" and therefore "don't qualify as priors."   In his second claim, petitioner asked the court to retroactively apply the Fair Sentencing Act of 2010 to his sentence.

Magistrate Judge Clarke recommended that the petition be dismissed as a successive § 2255 petition.   Judge Simon adopted Judge Clarke's report and recommendation, and dismissed the petition. The Ninth Circuit Court of Appeals denied a certificate of Appealability.

On August 14, 2013, petitioner filed a motion in his [in his underlying criminal case 3:02-CR-333-BR] under 18 U.S.C. § 1382(c)(2) to reduce his sentence on the two drug counts under the Fair Sentencing Act.   That motion is presently pending before Judge Brown.

On August 8, 2013, petitioner filed the instant petition alleging in Ground One a claim that was made and rejected at his original sentencing hearing - that because under Oregon's state sentencing guidelines, he could not have been sentenced to more than 180 days in jail for the first of his two Oregon State delivery convictions, that conviction was not a drug trafficking felony under the sentencing guidelines, and should not have been used to enhance his sentence. In Ground Two, petitioner alleges that his Oregon state delivery convictions

did not qualify as controlled substance offenses because he "was only guilty of possessing crack cocain for personal use." Petition (#1) p. 11-13.

Section 2255(a) provides an avenue for relief for federal prisoners who claim that their sentence was "imposed in violation of the Constitution or law of the United States," that the sentencing court lacked jurisdiction to impose the sentence, or that the sentence "was in excess of the maximum authorized by law." or is "otherwise subject to collateral attack."

Section 2255(h) provides that a "second or successive motion must be certified" by a panel of the "appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also, <u>United States v. Washington</u>, 653 F.3d 1057, 1059 (9th Cir. 2011) (a second or successive § 2255 motion "cannot be considered unless it has first been certified by the court of appeals") cert. denied, __ S.Ct. __, 2012 WL 170573 (U.S. Feb 21, 2012).

4 - FINDINGS AND RECOMMENDATION

In very limited circumstances, prisoners may challenge their detentions by filing a habeas corpus petition under 28 § 2241. However, 28 U.S.C. § 2255)e) forbids courts from entertaining petitions under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See also*, <u>United States v. Washington</u>, *supra*; <u>Muth v. Fondern</u>, 676 F.3d 815 (9th Cir. 2012). The bar on successive petitions does not render § 2255 an ineffective or inadequate remedy. <u>Moore v. Reno</u>, 185 F,.3d 1054, 1055 (9th Cir. 1999) (*per curiam*).

A § 2241 petition is available to challenge detention under the "escape hatch" of § 2255 only where the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks and citations omitted).

In this case petitioner does not claim that he is actually innocent of any of the charges to which he pled guilty. Petitioner alleges his claim is based on "statutory interpretation" and recent Supreme Court decisions that should be applied retroactively. Petitioner's apparent argument that "preexisting circuit court precedent" rendered his previous §2255 motions an inadequate or ineffective remedy , is not convincing.

Petitioner seeks a new and reduced sentence imposed without consideration of wither career offender sentencing guidelines, or the enhanced mandatory minimum penalties in 21 U.S.C. § 841(b)(1), triggered by his prior convictions. I find that Petitioner's § 2241 petition is, in reality a disguised § 2255 motion challenging the lawfulness of his sentence and seeking to be re-sentenced. Because petitioner is challenging the legality of his sentence his petition is in essence a motion for relief under § 2255. Because the petition is petitioner's third § 2255 motion, he is required to obtain certification from the Ninth Circuit before filing it. *See*, 28 U.S.C. § 2255(h); <u>United States v. Washington</u>, *supra.* Because he has not done so, this court lacks jurisdiction to consider the motion on the merits. <u>Id</u>., 1065.

Respondent's Motion to Dismiss (#8) should be allowed. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have

6 - FINDINGS AND RECOMMENDATION

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 9 day of October, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge